BLD-193                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2601
_____

IN RE: KAEUN KIM,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-23-cv-04059)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 26, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: October 15, 2024)
_____

OPINION[*]
_____

PER CURIAM

     Kaeun Kim, proceeding pro se, seeks a writ of mandamus directing the United

States District Court for the District of New Jersey to compel the disclosure of a

"surveillance video," to impose sanctions against Prudential Financial, Inc. (Prudential),

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and to stay criminal proceedings against him in the Superior Court of New Jersey. For the reasons that follow, we will deny the mandamus petition.

Kim filed a civil rights action in the District Court, raising claims related to his arrest in New Jersey on charges stemming from his attempt to meet with an employee of Prudential the day after he was fired from his position with the company. (ECF 1.) He named as defendants Prudential and one of its employees, a prosecutor, and the Superior Court judge presiding over his criminal proceedings. The defendants filed motions to dismiss. (ECF 14; 17; 31.) Meanwhile, Kim repeatedly sought to obtain from Prudential surveillance video capturing his actions at the company's headquarters on the day of his arrest. (ECF 20; 21; 32; 54.) He also filed motions for sanctions against the defendants for alleged discovery violations. (ECF 43; 44.) A Magistrate Judge rejected those efforts as premature because it had not ruled on the motions to dismiss or commenced discovery. (ECF 25; 46; 55.) The District Court granted the defendants' motions to dismiss in February 2024. (ECF 60 & 61.) Kim appealed. (ECF 62.) That appeal, which was docketed here at C.A. No. 24-1448, remains pending. In August 2024, Kim filed the mandamus petition that is before us now.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and

2

indisputable" right to the issuance of the writ and that he has "no other adequate means" to obtain the relief desired. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Kim has not made that showing. In his pending appeal of the order granting the defendants' motions to dismiss, Kim can, and in fact has, challenged the rejection of his requests for sanctions and for the surveillance video. See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (stating that "[d]iscovery orders … ordinarily are not appealable until after there is a final judgment."); Helstoski v. Meanor, 442 U.S. 500, 506 (1979) (explaining that a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal"). Because that appeal provides Kim with an opportunity to obtain the desired relief, mandamus relief is not warranted. In addition, we lack authority to stay Kim's state court criminal proceedings because, absent circumstances not present here, a federal court may not issue a writ of mandamus to compel action by a state court or state official. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).

Accordingly, we will deny the petition for a writ of mandamus.[1]

---

[1] Kim's "Emergency Motion [for] Injunctive Relief" is denied.